FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ JUL 7 2005 ★
TIME A.M._____
P.M._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FELIPE A. PLACENCIA,

                Petitioner,

-against-                          MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,             05-CV-2007 (SLT)

                Respondent.
----------------------------------------------------------x
TOWNES, J.:

      Petitioner, Felipe A. Placencia, who is currently detained on immigration charges at the Federal Detention Center at Oakdale, Louisiana, brings this *pro se* "application for a writ of error coram nobis," seeking to vacate his November 2000 conviction for assault in the second degree or, in the alternative, to modify the one-year sentence imposed upon that conviction so as to avoid any immigration consequences. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons set forth below, petitioner is directed to show cause why this action should not be dismissed.

Background

      According to the petition, petitioner is a native of the Dominican Republic, who has lived as a lawful resident alien in the United States since 1988. On November 23, 2000, petitioner was convicted, upon his plea of guilty, of "assault with a knife in the second degree" and was sentenced to one year in prison. Petition at 1-2. The petition specifically alleges that the judgment of conviction was entered in "this Court," *id.* at 1, but the Clerk of Court has no record of any such conviction. Coincidentally, the first page of the petition lists an Indictment Number, a Kings County Docket Number, and the name of a Kings County Supreme Court justice next to

the caption. This at least suggests that petitioner was not convicted in this Court, but in the Supreme Court of the State of New York, Kings County.

In November 2004, over three years after his release from prison, petitioner sought to renew his green card at the Manhattan Office of United States Immigration and Customs Enforcement ("ICE"). There, he was interviewed by ICE officials who informed him that the crime of which had been convicted constituted an "aggravated felony" and that his conviction was therefore a ground for deportation. Petitioner was arrested and "has been detained without bond ever since." *Id.* at 2.

Petitioner is currently contesting his deportation. However, his immigration attorney has allegedly "informed [petitioner] that he has no chance on (sic) winning his case unless his conviction ... is either vacated and/or remodified to less than one year in prison." *Id.*

In April 2005, petitioner filed the instant petition – entitled an "Application for a Writ of Error Coram" – seeking an order either vacating his conviction or "remodify[ing] his sentence from one year to 364 days in order to eliminate the basis of his removal proceedings." *Id.* at 1. The petition alleges that this Court has jurisdiction and can grant the requested relief "[u]nder the common law doctrine of Coram Nobis." *Id.* at 8. However, the two cases which petitioner cites for this proposition are both cases in which a federal court modified its own conviction. *Id.* at 7 (citing *United States v. Ko*, No. 93 CR 521, 1999 WL 1216730, 1999 U.S. Dist LEXIS 19369 (Dec. 20, 1999), and *Shushansky v. United States*, No. 93 CV 5632 (EHN), 1994 WL 716228, 1994 U.S. Dist. LEXIS 18589 (E.D.N.Y. Dec. 21, 2004)). Since the petition herein does not clearly allege whether the underlying conviction was in state or federal court, petitioner does not address the issue of whether *coram nobis* can be used to collaterally attack or modify a state court judgment.

Discussion

A district court must dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because petitioner is proceeding *pro se*, his petition must be read liberally and interpreted as raising the strongest arguments it suggests. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the petition "gives any indication that a valid claim might be stated," this Court must grant leave to amend the petition. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Although *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), a *pro se* litigant is not "exempt ... from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, a person seeking to bring a lawsuit in federal court, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539 (E.D.N.Y. 1999) (dismissing a *pro se* plaintiff's complaint for lack of subject matter jurisdiction). Whenever it appears that a court lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In this case, it appears that this Court lacks subject matter jurisdiction. The instant petition specifically alleges that this Court has jurisdiction to vacate or modify petitioner's sentence "[u]nder the common law doctrine of coram nobis." Petition at 8. However, petitioner cites only to cases in which federal courts have used *coram nobis* to vacate or to modify their

3

*own* judgments when habeas corpus relief under 28 U.S.C. § 2255 was unavailable. Petitioner does not cite – and this Court cannot find – any authority for the proposition that this Court can use *coram nobis* to set aside or modify State Court judgments. Since it appears that the judgment of conviction which petitioner is challenging in this case was rendered in State court, petitioner is directed to show cause why this action should not be dismissed for lack of jurisdiction.

The All Writs Act, 28 U.S.C. § 1651(a), provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under this statute, federal courts are authorized to grant the ancient common law writ of *coram nobis*, notwithstanding the enactment of 28 U.S.C. § 2255. *United States v. Morgan*, 346 U.S. 502, 510-11 (1954). *Coram nobis* allows "for the correction of factual or clerical error in the judgment of a court by the same court that had rendered the judgment." *Worlumarti v. United States*, No. 00 CV 3538 (JG), 2002 WL 257817, at *2 (E.D.N.Y. Feb. 8, 2002) (citing Black's Law Dictionary 513 (6th ed. 1990)). The writ was "traditionally used only to extend the time frame during which a 'judge who rendered a decision could reexamine his handiwork.'" *Cruz v. People*, No. 03 Civ. 9815 (DC), 2004 WL 1516787, at *3 (S.D.N.Y. July 6, 2004) (quoting *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.), *cert. denied*, 506 U.S. 834 (1992)). These days, the writ is "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2005) (quoting *Morgan*, 346 U.S. at 511).

*Coram nobis* remains an "extraordinary" remedy and "relief under the writ is strictly limited to those cases in which errors ... of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996)

4

(internal quotations and citations omitted). In reviewing a petition for *coram nobis* relief, a court must presume that the underlying proceedings were correct; the burden of proving the contrary rests with the petitioner. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (internal quotations and citations omitted).

As petitioner correctly notes in his petition, several district judges in this Circuit have issued writs of *coram nobis* to modify sentences they imposed prior to enactment of the immigration laws at issue in this case. In *United States v. Ko, supra*, Judge Haight of the United States District Court for the Southern District of New York issued a writ of *coram nobis* to reduce a defendant's sentence from a year and a day to ten months in order to prevent the defendant's deportation. Judge Haight stated:

> Having been the sentencing judge. I can say without fear of contradiction that if I could have foreseen the changes in the immigration law that have turned a then-beneficent sentence of a year and a day into a vehicle for Ko's deportation, I would have sentenced him to less than one year.

*Id.*, 1999 WL 1216730, at *4. In the other case cited by petitioner – *Shushansky v. United States, supra* Judge Nickerson of this Court granted a writ of *coram nobis* to permit a defendant, who had already served his term of a year and a day, to apply for a reduced sentence in a case in which defense counsel had failed to properly and fully pursue a recommendation against deportation (when such recommendations precluded use of the conviction as a ground for deportation). Similarly, in *Urbina v. United States*, 992 F.Supp. 641 (S.D.N.Y. 1998), Judge Knapp granted a petition for a writ of *coram nobis* and vacated the conviction of a defendant who

5

had previously pled guilty before him, holding that changes in the immigration law which would have required the defendant's deportation "turned the conviction into an instrument of gross injustice." *Id.* at 643.

However, petitioner has not cited, and this Court's independent research has not uncovered, any cases in which a district court has granted a writ of error *coram nobis* to vacate or modify the judgment of a state court. To the contrary, although the Second Circuit "has not specifically ruled on the issue of whether a writ of error *coram nobis* can be used by a federal court to collaterally attack a state court judgment," *Cruz*, 2004 WL 1516787, at *3, five other circuit courts have addressed the issue and have uniformly held that a defendant can only seek a writ of error *coram nobis* to vacate a state court conviction in state court. *See Obado v. State of New Jersey*, 328 F.3d 716 (3d Cir. 2003); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.), *cert. denied*, 506 U.S. 834 (1992); *Sinclair v. Louisiana*, 679 F.2d 513 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. Utah*, 299 F.2d 842 (10th Cir. 1962). Indeed, one of these courts – the Fifth Circuit – has endorsed the proposition that "coram nobis is not available in federal court to attack state criminal judgments" as "well settled." *Sinclair*, 679 F.2d at 514. Three other circuits have considered the proposition so obvious as to require little, if any, discussion. *See Rivenburgh*, 299 F.2d at 843 (upholding a district court's denial of a writ of *coram nobis* brought by a death row inmate to challenge his state court conviction, stating, "the use of the writ is limited by tradition and rule ... and cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions"); *Thomas*, 335 F.2d at 69 (stating, in the context of a federal habeas proceeding challenging the adequacy of the petitioner's representation at his state court plea and sentencing, that "[e]rror coram nobis ...

cannot issue under the instant proceeding"); *Obado*, 328 F.3d at 718 (relying on the cases previously decided by the four other circuits).

In comparison to the other circuits, the Seventh Circuit has engaged in a detailed analysis of the scope of the writ of error *coram nobis*. The Seventh Circuit conducted its own review of the traditional uses of the writ and concluded:

> Coram nobis is an established writ, *United States v. Morgan*, 346 U.S. 502, ... (1954); *United States v. Bush*, 888 F.2d 1145 (7th Cir.1989), but the "usages and principles of law" send an applicant to the court that issued the judgment. Coram nobis arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. *Morgan* and *Bush*, among many other cases, discuss this history. See also Abraham L. Freedman, *The Writ of Error Coram Nobis*, 3 Temple L.Q. 365 (1929); *Note*, 37 Harv.L.Rev. 744 (1924). Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court. Section 1651(a) does not authorize us to depart from this understanding of the writ. *Sinclair v. Louisiana*, 679 F.2d 513 (5th Cir.1982).

*Lowery*, 954 F.2d at 423.

At least two district courts in this Circuit have expressly followed *Lowery*. In *Graham v. Lamar*, No. 97 CV 2386 (RR), 1998 WL 960297 (E.D.N.Y. Dec. 16, 1998), then-District Judge Raggi rejected a federal inmate's attempt to use *coram nobis* to challenge a state court conviction which "had been factored into [the] court's guideline calculation" at his federal sentencing. Judge Raggi stated:

> To the extent Graham urges this court to use *coram nobis* in lieu of § 2254 to review the validity of his 1974 state conviction, he misperceives the scope of that writ. "Coram nobis arose as a device to extend the period ... in which the judge who rendered a decision could reexamine his handiwork." *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.1992). It does not permit one court, even a federal one, to set aside a judgment rendered by another court. *Id.* (and cases cited therein).

*Graham*, 1998 WL 960297, at *1. Similarly, in *Cruz, supra*, in which a federal inmate petitioned for a writ of *coram nobis* to vacate a state conviction which had been used to enhance his federal sentence, District Judge Chin of the Southern District of New York held, based on *Lowery* and the other circuit court opinions, that a petitioner "cannot utilize the *coram nobis* mechanism here to attack a state court conviction." *Cruz*, 2004 WL 1516787, at *4.

*Cruz* also opines, based on *Ortiz v. New York*, 75 Fed.Appx. 14, 2003 WL 22055147 (2d Cir. Sept. 4, 2003), that the Second Circuit "would likely join this trend and deny the use of *coram nobis* relief in federal court to challenge a previous state conviction." *Cruz*, 2004 WL 1516787, at *4. This Court does not read *Ortiz* so broadly. *Ortiz* is an unpublished summary order which expressly declined to resolve this question. *Id.*, 75 Fed.Appx. at 16, n. 1, 2003 WL 22055147, at *3, n. 1. While *Ortiz* quoted *Obado* and noted that this Third Circuit opinion was consistent with the holdings of four other circuits, it did not analyze *Obado* or the other circuit opinions and did not use language connoting approval. To the contrary, the Second Circuit stated that it was "not clear, under Second Circuit caselaw, whether *coram nobis* can be used in federal court to attack a state court judgment." *Id.*

Nonetheless, this Court shares Judge Chin's assessment of the likelihood that the Second Circuit will concur with its five sister circuits. In a related context, the Second Circuit has already held that a *coram nobis* petition seeking to vacate a conviction can only be brought in the court that entered the judgment of conviction. In *Sanchez Tapia v. United States*, a plaintiff, who had been convicted in the United States District Court for the District of Puerto Rico, brought an action in the United States District Court for the Southern District of New York seeking, *inter alia*, to annul his conviction. The District Court dismissed this claim, holding that it did not have jurisdiction to annul the conviction, but that plaintiff could file a *coram nobis* petition in Puerto

8

Rico. *Sanchez Tapia v. United States*, 227 F.Supp. 35, 36 (S.D.N.Y. 1964). On appeal, the Second Circuit affirmed, holding:

> Appellant was convicted and sentenced in the United States District Court for the District of Puerto Rico. Only that court has jurisdiction to entertain appellant's action to annul his conviction ...[;] if so advised, appellant can begin a coram nobis proceeding in Puerto Rico.

*Sanchez Tapia v. United States*, 338 F.2d 416, 416 (2d Cir. 1964) (per curiam), *cert. denied*, 380 U.S. 957 (1965).

In light of the foregoing, this Court concludes that, to the extent that the instant *coram nobis* petition represents an attempt to vacate or modify a state court judgment, this Court lacks jurisdiction to grant such relief. This conclusion is compelled not only by the foregoing caselaw, but by a recognition that permitting petitioner to use *coram nobis* to challenge his state court conviction in this case would eviscerate the exhaustion requirements of 28 U.S.C. § 2254. Petitioner has not alleged that he has moved to vacate his conviction or to modify his sentence pursuant to New York Criminal Procedure Law § 440, or that he has taken the other steps necessary to exhaust his claims. *Coram nobis* "operates under rules that are generally more stringent than those applicable to habeas," *Kaminski v. United States*, 339 F.3d 84, 90 (2d Cir.), *cert. denied*, 540 U.S. 1084 (2003), and therefore should not be applied in a way that would enable petitioners to circumvent the procedural requirements of 28 U.S.C. § 2254.

However, since it is unclear whether the conviction which petitioner is challenging is state or federal, and since the Second Circuit has not yet ruled on the issue of whether *coram nobis* can be used in federal court to attack a state court judgment, *see Ortiz*, 75 Fed.Appx. at 16, n. 1, 2003 WL 22055147, at *3, n. 1, this Court will afford petitioner an opportunity to show

cause why this action should not be dismissed for lack of jurisdiction. Petitioner is advised that even if the conviction he seeks to challenge is in fact a state court judgment and even if he – like Lowery's counsel – cannot find any authority permitting this Court to grant *coram nobis* to set aside or modify a judgment rendered by the State court, he may still be able to move to vacate that conviction or to modify his sentence in State Supreme Court. See N.Y. Crim. Pro. L § 440.

Conclusion

Petitioner is therefore directed to file an affirmation within sixty (60) days of the date of this Order, identifying the court in which he was convicted and, if that court is a State court, showing cause why the instant petition should not be dismissed for lack of subject matter jurisdiction.[1] No response shall be required from respondent at this time and all further proceedings shall be stayed for sixty (60) days or until the petitioner has complied with this Order, whichever is sooner. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 5, 2005

---

[1] An affirmation form is attached for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIPE A. PLACENCIA,

                Petitioner,

    -against-                              **PETITIONER'S AFFIRMATION**
                                                        05-CV-2007 (SLT)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

STATE OF NEW YORK    }
                                } ss.:
COUNTY OF _____   }

        I, FELIPE A. PLACENCIA, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2005.

2.    The instant petition for a writ of error *coram nobis* seeks to vacate or to modify a judgment of conviction entered against me in _____ Court. I pled guilty before Judge/Justice _____ on _____, 2000, and was sentenced to one year in prison on _____, 2000.

[IF THE CONVICTION WAS ENTERED IN STATE COURT, COMPLETE PARAGRAPH 3.]

3.    This Court should not dismiss my petition because:

_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

4.     In view of the foregoing, it is respectfully submitted that the instant petition should not be dismissed.


Dated: _____

_____
Signature

_____
Address

_____


_____
City, State & ZIP